## SLATER v. IRWIN AND THE B. & M. R. R. Co.

**Lien**: UNDER CONTRACT: NOTICE TO AGENT. A written contract for the sale of land stipulated that the vendee should cut the timber growing upon it into railway ties, upon which the vendor should have a lien to the extent of the purchase price of the land. The vendee sold to a railroad company whose agent received and paid for them with full notice of plaintiff's lien. *Held*: that the company was bound by its agent, and bought the ties subject to the rights of the notice to lienholder.

*Appeal from Jefferson District Court.*

THURSDAY, APRIL 29.

ACTION IN CHANCERY. The petition shows that plaintiff sold to defendant, Irwin, by a written contract, a tract of land for the consideration of $500; that through mistake the consideration is stated in the contract to be $400; that by the terms of the contract Irwin was to cut the timber on the land and manufacture it into railroad ties upon which plaintiff was to have a lien for the purchase money of the land, and that the ties were so manufactured by Irwin, were sold and delivered to the B. & M. R. R. Co., with notice of plaintiff's lien before removing and paying for them.

Irwin, in his answer, denies the mistake in the contract and alleges tender of the purchase money. The railroad company denies notice of the lien. Upon a trial on the merits a decree was rendered establishing plaintiff's lien on the ties, against the railroad company and rendering judgment for the amount due on the contract as shown upon its face. On the issue as to the mistake, the court found for defendant. The land was, by the decree, ordered to be sold and the proceeds to be applied upon the decree and, for any balance remaining unpaid, a general execution is first to issue against Irwin, and in case it is not satisfied, then an execution is to issue against the railroad company. The railroad company appeals.

*G. & L. S. Negus*, for appellant.

*Slagle & Acheson*, for appellee.

BECK, J.—The decree of the District Court must be affirmed. The evidence establishes to our satisfaction the existence of the lien and notice thereof to the railroad company before payment for the ties. In the contract for the sale of the land, which is foreclosed by the decree, there is an express stipulation that plaintiff shall hold a lien on the ties for the purchase money of the land. Notice of this lien was given to the agent of the railroad company, who received, inspected and paid for the ties. The agent, through whom payment was made, was fully informed of plaintiff's claim and right under the contract, for it was shown to and read by him. This notice was before the railroad company paid Irwin for the ties. Certainly the notice to the agent authorized to receive and pay for the property binds the company.

*1. LIEN: under contract: notice to agent.*

The lien of plaintiff was created by contract and bound the property in Irwin's hands. The railroad company, being a purchaser from him with notice of plaintiff's rights, takes the property as he held it, subject to the burden of the lien. Hence the views of appellant's counsel in regard to the necessity of possession in plaintiff to support the lien, and of notice as prescribed by statute to be given by contractors and subcontractors engaged in building railroads, in order to enforce liens thereon, are not applicable to this case. They either apply to liens at the common law or those that are created by statute. We have before us no evidence in support of the tender pleaded by Irwin. What we have said disposes of all other points in the case.

AFFIRMED.